U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 2 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05–10010-02 |
|---|---|
| -vs- | JUDGE LITTLE |
| BRADLEY D. DUCOTE | |

## RULING

Before the court is the report and recommendation of the magistrate suggesting that the motion to suppress fruits of unlawful interrogation [Doc. #49], to dismiss counts 5 through 14 of the indictment [#50], and to dismiss the indictment for violation of the petite waiver policy and for double jeopardy [#52] filed by defendant Bradley D. Ducote ("Ducote") be dismissed. Ducote timely filed an objection to the magistrate's report on 24 October 2005.[1] After full record review, this court accepts the findings and recommendations of the magistrate as correct but wishes to clarify its reasoning.

In United States v. Avants, 278 F.3d 510 (5th Cir. 2002), the Fifth Circuit addressed the issue of the Sixth Amendment right to counsel in the context of similar federal and state prosecutions. The court held that the two prosecutions, "although identical in their respective elements, are separate offenses for purposes of the Sixth Amendment because they were violations of the laws of two

---

[1] This court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See 28 U.S.C. § 636(b)(1); LR 74.1W(B); United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court is not, however, required to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

separate sovereigns." 278 F.3d at 512. The Fifth Circuit further observed that, in interpreting the Sixth Amendment right to counsel the Supreme Court in Texas v. Cobb, 532 U.S. 162 (2001), saw "no constitutional difference between the meaning of the term 'offense' in the contexts of double jeopardy and of the right to counsel." Id. at 517 (citing Cobb, 532 U.S. at 173). The court clearly held that identical offenses under the respective laws of separate sovereigns do not constitute the "same offense" under the Double Jeopardy Clause, and interpreted the Supreme Court's holding in Cobb as having "incorporated double jeopardy analysis, including the dual sovereignty doctrine, into its Sixth Amendment jurisprudence." Id. We further note that after conducting a hearing on the issue, the magistrate determined that the evidence failed to show any collusion between federal and state authorities with respect to the prosecution of Ducote. Thus, under the binding law of the Fifth Circuit, we find no Sixth Amendment violation.

Based on the foregoing analysis as well as that contained in the magistrate's report, Ducote's motions [## 49, 50, 52] are DENIED.

Alexandria, Louisiana

21 November 2005

F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE